**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IVAN JORGE,

    Petitioner,

v.                                                    CASE NO. 8:06-CV-453-T-30EAJ
                                                                   8:02-CR-248-T-30EAJ

JORGE L. PASTRANA, Warden,

    Respondent.
_____/

**O R D E R**

Before the Court is a petition for writ of habeas corpus filed *pro se* on March 15, 2006, pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner is an inmate at the Federal Correctional Institution, Miami, Florida. Having reviewed the claim raised in the petition and the record, the Court concludes that "it appears from the application that the applicant . . . is not entitled" to the relief he seeks. The Government will not, therefore, be directed to respond to the petition. 28 U.S.C. § 2243.

    Petitioner presents one claim for relief:

    Charges that were prior convictions at sentencing have now been vacated and ultimately nolle prosequi. . . . On 8/28/03 the honorable Judge Jeffrey Swartz issued an order to vacate a prior state conviction. A number of dates were set to decide whether or not the state would re-try the vacated cases. On 12/01/03 the state filed a disposition of nolle prosequi. . . . [W]ith these vacated charges [Petitioner's] criminal history category would be I. If he were to receive the low end as he did at his original sentencing, he would receive a sentence of 87 months instead of the 97 months he did receive.

Dkt. 2 at 4. A petitioner may seek to reopen his federal sentencing pursuant to § 2255 if he has successfully attacked a prior state conviction used to enhance his federal sentence. *United States v. Walker,* 198 F.3d 811, 813 (11th Cir. 1999) (per curiam) (citing cases).

Petitioner is, however, precluded from availing himself of this avenue of relief because he has previously filed a motion to vacate sentence, which was denied on the merits.[1]

Congress has established the scope of review for petitions for federal habeas relief. See 28 U.S.C. §§ 2241-2254. Section 2241 contains the basic authorization of the federal courts to issue the writ, with its subsection (c) setting forth the conditions under which the writ may "extend to a prisoner." Section 2241 is the proper vehicle used by federal prisoners to attack the manner in which a sentence is being executed. *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984) (citing *United States v. Addonizio*, 442 U.S. 178 (1979)). A § 2255 motion is generally the proper means of attack for federal prisoners asserting errors that occurred during or before sentencing. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255" (citation omitted)); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Because Petitioner is a "prisoner in custody under sentence of a court established by Act of Congress" challenging the legality of his sentence, the

---

[1] Petitioner's conviction became final on January 21, 2004, when the 90-day period for seeking *certiorari* review expired. S.Ct. R. 16.3; *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002). He filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 on October 6, 2004. *Jorge v. United States*, Case No. 8:04-CV-2212-T-30EAJ (M.D. Fla. 2004). Having determined that Petitioner failed to meet the criteria for relief under § 2255, the Court dismissed Petitioner's § 2255 motion on November 17, 2004. *Id.* at Dkt. 3. The Eleventh Circuit rejected Petitioner's request for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P., and 28 U.S.C. § 2253 on March 21, 2005, *see Jorge v. United States*, Case No. 04-16405-G (11th Cir. 2005).

Petitioner does not disclose the date on which he began pursuing state post-conviction relief challenging his state convictions or the ground(s) upon which he was granted relief. Petitioner did, however, attach a copy of a document prepared and certified by the Clerk of the Circuit and County Courts, Eleventh Judicial Circuit, Miami-Dade County, Florida, on July 15, 2005, stating that the State filed a notice of nolle prosequi on charges of disorderly conduct, resisting an officer without violence, and obstructing a police officer, Case No. B96017814, on December 1, 2003 (Dkt. 2, Ex. A). According to information on the copy of the case docket attached thereto, the order setting aside Petitioner's judgment and convictions was entered on August 5, 2003, *see* Dkt. 2, Ex. A, Attach., more than 2 months before the Eleventh Circuit entered its October 22, 2003 order affirming Petitioner's federal conviction, and 14 months before Petitioner filed his § 2255 motion on October 6, 2004. Petitioner did not present this claim in said motion, and he fails to offer any explanation for the delay.

petition should be filed pursuant to § 2255. Since Petitioner has, however, previously sought collateral relief pursuant to § 2255, this new action is a second or successive action.

The Antiterrorism and Effective Death Penalty Act of 1996 contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended, federal prisoners who want to file a second or successive § 2255 motion must move the court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28 U.S.C. § 2255. *See Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000); *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996). Because Petitioner's prior action was brought pursuant to §2255, the preclusion against second or successive petitions applies to this challenge to his conviction. *Id.* at 1245.

A provision of § 2255 known as the "savings clause" permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by

> motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255 (emphasis added). The burden to show that § 2255 relief would be ineffective is on the petitioner. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[2] *See also Wofford*, 177 F.3d at 1244. Restrictions on § 2255 motions, standing alone, do not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Id.* at 1237. The saving clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Id.* Petitioner must satisfy all three criteria in order to avail himself of the § 2241 remedy under *Wofford*, a burden Petitioner has failed to carry.

Petitioner does not point to any Supreme Court decision with retroactive effect in support of his claims. Having determined that Petitioner has failed to meet the first prong of the *Wofford* test, the Court need not address the remaining prongs. *See Wofford*, 177 F.3d at 1244.

Petitioner has failed to persuade this Court that the remedy under § 2255 is inadequate or ineffective or that he has applied to the court of appeals for an order authorizing this Court to consider his petition. The Court concludes, therefore, that it is without jurisdiction to entertain the petition. This case will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

---

[2]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** without prejudice (Dkt. 2).

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner

SA:jsh