**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IVAN JORGE,

    Petitioner,

v.                                                  CASE NO. 8:07-CV-186-T-30EAJ
                                                                  8:02-CR-248-T-30EAJ

JORGE L. PASTRANA, Warden,

    Respondent.
_____/

**O R D E R**

    Before the Court for consideration is Petitioner's Renewed Petition for Writ of Habeas Corpus filed *pro se* pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner is an inmate at the Federal Correctional Institution, Miami, Florida. The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2006),[1] and finds, for reasons set forth below, that service of the motion is not required. 28 U.S.C. § 2255 ¶ 2.

    Petitioner presents one claim for relief:

> Prior convictions utilized at sentencing have now been vacated and nolle prosequi. I am now actually innocent of a criminal history category of two.

Dkt. 1 at 4. While a petitioner may seek to reopen his federal sentencing pursuant to § 2255 if he has successfully attacked a prior state conviction used to enhance his federal sentence, *see United States v. Walker,* 198 F.3d 811, 813 (11th Cir. 1999) (per curiam) (citing cases), here, Petitioner is precluded from availing himself of this avenue of relief

---

[1]Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

because he has previously filed a motion to vacate sentence, which was denied on the merits, and he has not been granted permission by the circuit court to proceed on a second or successive § 2255 motion.

Acknowledging that the circuit court has denied his request for leave to file a second or successive § 2255 motion, *see* Dkt. 2, Ex. A, Petitioner asserts that "the § 2255 remedy is inadequate or ineffective, and [P]etitioner merits relief due to the fact that he is actually innocent of the enhancement based on a criminal history category of II" (Dkt. 1 at 7). Thus, Petitioner reasons, he should be allowed to seek relief under § 2241. Cited by Petitioner in support of his argument, the provision of § 2255 known as the "savings clause" permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255 (emphasis added). The burden to show that § 2255 relief would be ineffective is on the petitioner. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[2]

As Petitioner was informed in the order denying the § 2241 petition he filed on March 15, 2006, *see Jorge v. Pastrana,* Case No. 8:06-CV-453-T-30EAJ (M.D. Fla. 2006), restrictions on § 2255 motions, standing alone, do not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005); *Wofford v. Scott*, 177 F.3d 1236, 1237 (11th Cir. 1998). The

---

[2]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

saving clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Id*. Petitioner must satisfy all three criteria in order to avail himself of the § 2241 remedy under *Wofford*, a burden Petitioner has failed to carry.

Petitioner asserts that he can "overcome the stricture of *Wofford*. . . based on the fact that he is 'actually innocent' of his criminal history category sentencing enhancement" (Dkt. 2 at 2). As the Eleventh Circuit recently reiterated in addressing a similar attempt to circumvent the rules limiting the scope of successive § 2255 motions:

> If the savings clause of § 2255 applies "to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted, as 'actual innocence' is defined in *Bousley v. United States*, 523 U.S. 614 (1998)."

*Dixon v. United States*, 2006 WL 3069878, *2 (11th Cir. Oct. 31, 2006) (quoting *Wofford* v. Scott, 177 F.3d at 1244 n.3).

Petitioner does not point to any Supreme Court decision with retroactive effect in support of his claims. Because he has not satisfied all three *Wofford* criteria, Petitioner's petition does not fit within the savings clause of § 2255. Accordingly, Petitioner has failed to "open the portal to a 2241 proceeding," and he cannot argue the merits of his claim of actual innocence. *See id.*; *Wofford v. Scott*, 177 F.3d at 1244 n.3.

As to Petitioner's reliance on *Dretke v. Haley*, 541 U.S. 386, 394 (2004), and several circuit court cases in support of his argument, these cases are unavailing to Petitioner's

cause.[3] The cases Petitioner cites are wholly inapplicable to Petitioner's contention that his § 2255 remedy is inadequate or ineffective and that is the underlying issue which this Court must address before reviewing his claims on the merits.

Petitioner has failed to persuade this Court that the remedy under § 2255 is inadequate or ineffective. The Court concludes, therefore, that it is without jurisdiction to entertain the petition.

ACCORDINGLY, the Court **ORDERS** that:

1. The Renewed Petition for Writ of Habeas Corpus is **DISMISSED** (Dkt. 1).

2. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 1, 2007.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner

SA:jsh

---

[3] Addressing the actual innocence exception to the procedural default rule in the context of a habeas corpus petition under 28 U.S.C. 2254, the Supreme Court explained in *Dretke*, that when a petitioner maintains that a miscarriage of justice due to "actual innocence" will result from a district court's failure to review a procedurally defaulted claim, the district court "must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." *Id.* Even if *Dretke* were applicable here, Petitioner does not present any "nondefaulted" claims for relief or grounds for cause to excuse the procedural default.